Kirkpatrick, C. J.
— This is an action of covenant, and plea of non infregit converitionem, 8fc.
The reasons assigned for the reversal of the judgment are,
1st. That the defendant below, upon the trial, offered in evidence, a release from Jesse Upson, one of the plaintiffs; and that this evidence was over-ruled because there was no instrumental or subscribing witness to the said release, although the said defendant proved the hand writing of the said plaintiff, and insisted on the right of the jury to infer from that fact, that the seal was the seal of the said Jesse Upson.
2d. That though the action is in covenant, the verdict and judgment are stated on the record to be for debt. — And
3d. That the name of James Howell, one of the plaintiffs, is not mentioned in the body of the venire.
Ford, for plaintiff.
If the facts contained in the first reason were apparent [*] on the record, it would afford matter of consideration, but they are not there apparent. The words of the return, as to this matter, are, “the defendant offered for evidence, with a seal signed by Jesse Upson, dated the 17th day of February, 1807. The hand writing was proved, but not the seal; it was over-ruled.” The return does not say that the thing offered was a release, or that it had any relation to the subject matter of the controversy, or for what cause it was over-ruled. It may have been altogether irrelevant. There is muclt reason indeed, to suppose that the truth of the matter is as stated in the reason; but from mistake, or from some worse cause, it does not appear on the return; and I do not see that we can supply it. The party, if he would rest upon this reason, should have taken care to have the facts clearly established before this Court.
As to the second reason, it has frequently been raised here, but it has never, so far as I know, been considered as ground of reversal. It is, to make the most of it, but an inaccuracy in the entry, and in no way goes to preclude either parly from a fair and full investigation of the matter in dispute, or to exact more money than is actually due. It is certain, that in technical language, Use verdict and judgment on actions of covenant, should be entered for damages, and not for debt. .But many of the justices seem to have taken the word debt in a sense different from its true signification. They mean by it, the principal sum recovered, whether for debt or damages, as contradistinguished from tiie costs. And as it has now become altogether intelligible, and works no wrong, I think it cannot be considered as a fatal error, (a)
As to the vnim e, according to the opinion heretofore given, J believe that exception ought to have been taken at the trial.
Upon the whole, though I could wish the proceeding had been more regular, and the record more intelligible, yet I cannot say there is any radical error.
Rossbit. & Pbhwisotoít, Justices, concurred.
Judgment affirmed.

 S. P. Ante. 343. Coxe 93. South. 588.